PER CURIAM.
These proceedings arise in a suit by the plaintiff to rescind a sale to him of a refrigerated truck on the ground of alleged redhibitory defects. The defendant corporation seeks the inspection by a refrigeration expert of the truck, which is in the plaintiff’s possession. See LSA-C.C.P. Art. 1492.
Without detailing the numerous motions, objections, and orders on the subject, it is sufficient that we note that the defendant corporation finally obtained an order fixing the dates of such inspection by a certain expert for November 20th and 21st, 1962. However, on such dates, the expert had been called out of the state.
When on December 7, 1962, the defendant corporation sought to refix a date of inspection, the plaintiff again opposed this motion on the ground that the defendant corporation’s request for inspection was not entitled to any additional consideration because of its failure to have its expert available for inspection on November 20th and 21st. The, trial court sustained the opposition and refused to fix a date for further inspection of the refrigerated truck.
We find that no good cause is shown why the defendant corporation should not be accorded the privilege under LSA-C.C.P. Art. 1492 of having a specified expert in the field of refrigeration examine the subject vehicle under orders of the District Court at such time and at such place as the District Court directs, and under such terms and conditions as said Court feels to be fair and just to the parties; we therefore set aside the denial of the relator’s application. In so doing, we think it not inappropriate to observe that the trial court was justified in feeling that the defendant corporation should have applied to it for further relief when it found its expert would be unavailable, rather than simply ignoring the date fixed by the trial court for the inspection and examination of the vehicle in question.
For the reasons assigned, our stay order herein previously issued is withdrawn, and this matter is remanded to the Fifteenth Judicial District Court for further proceedings not inconsistent with the views expressed herein. The plaintiff respondent is assessed with the costs of these supervisory proceedings in this court; all other costs to await the final disposition of this cause.
FRUGÉ, J., absent.